U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 2 2 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AARON R. FINCHER | : | DOCKET NO. 04-1259 |
| VS. | : | JUDGE TRIMBLE |
| KANSAS CITY SOUTHERN RAILWAY, ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court are two motions: 1) "Plaintiffs' Motion in Limine with Incorporated Memorandum of Law" (doc. #51), and 2) "Defendant KCS's Motion in Limine" (doc. #52).

*Plaintiff's motion in limine (doc. #51)*

Plaintiff has listed several matters wherein he maintains that Defendants and defense counsel or witnesses should refrain from making reference to or from eliciting testimony about in front of the jury during the trial of this lawsuit. In their response, Defendants expressly state that they do not oppose Plaintiff's motion in limine regarding item nos. 1, 2-7, and 9-13. Accordingly, the motion will be granted to that extent. There are two remaining matters that Plaintiff seeks to exclude: (1) any evidence related to the time or circumstances under which Plaintiff employed his attorney, and (2) any evidence related to injuries or medical problems of Plaintiff received prior to this lawsuit, unless medical testimony is elicited relating to such condition.

Plaintiff argues that evidence relating to the time or circumstances under which a litigant employs counsel is irrelevant and highly prejudicial. Defendants maintain that they intend only to reference the point in time when Plaintiff decided in his own mind that his alleged injury was

significant enough for him to call an attorney. Defendants argue that this is relevant because of the large gap in time between the alleged injury, the filing of the lawsuit, and the beginning of medical visits with the doctor retained by Plaintiff's counsel. Defendants maintain that it is relevant as to the severity of the alleged injury because of the fact that no regular medical treatment occurred until Plaintiff filed the lawsuit. The Court agrees and the motion will be denied as to that matter. However, Defendants are cautioned that any inquiry protected by the attorney-client privilege will not be allowed.

Plaintiff seeks to exclude any evidence related to injuries or medical problems of Plaintiff before the injuries allegedly received in this suit, unless medical testimony is elicited relating to such condition. Defendants maintain that because Plaintiff has degenerative disk disease, any back complaints or back-related incidents are relevant, no matter when they occurred. During a telephone conference between the parties, the Plaintiff expressed that he did not contest the limited submission of testimony or evidence regarding Plaintiff's diagnosis of degenerative disk disease, or any back complaints or back-related incidents. Thus, this portion of the motion in limine will be denied.

*Defendants' motion in limine (doc. #52)*

Defendants' motion in limine seeks to exclude the following evidence: (1) any reference to the fact the Larry Scott, a KCS supervisor, discouraged Plaintiff from receiving medical treatment for his workplace injuries, (2) any reference or mention of evidence or opinion testimony by Nathaniel Fentress as to loss by Plaintiff of future earnings or benefits, or future economic damages, (3) any reference or mention that KCS did not discipline Plaintiff for violation of a work rule as part of the incident, (4) any reference or mention that KCS could have provided safer methods of work, additional equipment or employees, or a safer work environment, (5) any reference or mention of

KCS's size, financial condition or ability to pay a verdict.

Defendant maintains that reference or mention of evidence that Larry Scott or any KCS employee said or encouraged Plaintiff not to be prescribed medication or medical treatment should be excluded because it is irrelevant to the issue of negligence and causation. Further, KCS argues that any minor disputes are governed by the collective bargaining agreement which is preempted by the mandatory arbitration provision of the Railway Labor Act, 45 U.S.C. § 151a. Plaintiffs argue that this evidence is relevant to Fincher's damage claim in that (1) he was discouraged from seeking medical treatment which forced him to continue to exacerbate his injury, (2) it shows KCS' knowledge of, and attempt to cover up its negligent behavior, and (3) it shows the employer's conduct and motive which does not require an interpretation of the CBA.[1] Plaintiff has satisfied the Court that the above evidence through testimony or otherwise is relevant not only with respect to the elements of the case, but also to one or more of Defendant's defenses.

Defendants maintain that any reference or mention to evidence or opinion testimony by Nathaniel Fentress, a vocational rehabilitation consultant, to prove loss of future earnings or future economic damages should be excluded. Pursuant to the telephone conference held by the Court and the parties on January 16, 2009, the parties agreed that this issue was moot because Plaintiff has now employed an economist to testify about past and future earnings and/or economic damages, and Mr. Fentress will testify only concerning the usual matters encompassed by vocational rehabilitationist, such as other types of employment that may be available to Mr. Fincher in view of his physical condition and the compensation that he could expect from said alternative vocation. Thus, this part of the motion will be denied as moot.

---

[1] Citing *Hawaiian Airlines v. Norris*, 512 U.S. 246, 114 S.Ct. 2239 (1994).

Defendants maintain that evidence that KCS did not discipline Plaintiff for violating a work rule as part of the incident should be excluded because as a "routine matter," the company does not discipline every violation of a work rule. Plaintiff argues that this is relevant to defeating KCS' claim for contributory negligence. The failure to comply with a company rule is generally relevant as evidence of whether the employee has exercised due care in the performance of his job.[2] The Court concludes that this evidence is relevant and will not be excluded. However, KCS will be allowed to submit evidence of their "routine practice" in rebuttal.

Defendants maintain that evidence of safer methods of work, additional equipment or employees that KCS could have provided should be excluded because such evidence overstates KCS's burden to provide a reasonably safe place to work. Federal Rule of Evidence 407 provides that evidence of subsequent remedial measures when offered as proof of negligence or culpable conduct is inadmissible.[3] However, the Supreme Court in *Stone v. New York Chicago & St. Louis. R.R. Co.*,[4] considered evidence of other alternative methods available at the time of the injury to be appropriate for the jury to consider. These alternative methods were methods that the railroad company had available at the workplace during the time in which the injury took place. While the court agrees that ***subsequent*** remedial measures are not admissible under Rule 407, whether the defendant had alternative tools and methods at the workplace, including other available employees, at the time of the alleged injury is a factor that the jury should consider in determining negligence.

---

[2] *Marks v. Mobil Oil Corp.*, 562 F.Supp. 759, 769 (E.D. Pa. 1983), *aff'd mem.* 727 F.2d 1100 (3rd Cir. 1984).

[3] See also *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989).

[4] 344 U.S. 407 (1953).

4

Defendants maintain that evidence as to KCS' size, financial condition or ability to pay a verdict, including any reference to the relative wealth of KCS is irrelevant and inadmissable. KCS has not asserted that it cannot pay the verdict. Accordingly, the Court will grant the motion in limine excluding any reference or mention of KCS's financial condition, ability to pay the verdict, or wealth of the company.

Accordingly, it is

**ORDERED** that the motion in limine filed by Plaintiff (doc. #51) is **GRANTED** in part and **DENIED** in part; as to items # 1, 2-7, and 9-13, the motion is **GRANTED** and such evidence will be excluded at trial. As to item #2 regarding evidence relating to the time or circumstances of which Plaintiff sought medical treatment and employed his attorney, the motion is **DENIED,** with the exception that any communications protected by the attorney-client privilege will be inadmissible. As to item # 8, regarding evidence related to Plaintiff's back injuries or medical problems before suit was filed, the motion is **DENIED.**

**IT IS FURTHER ORDERED** that the motion in limine filed by Defendant (doc. #52) is **GRANTED** in part and **DENIED** in part: the motion is **DENIED** as to evidence that Larry Scott or any KCS employee said or encouraged that Plaintiff not be prescribed medication or medical treatment; the motion is **DENIED as MOOT** as to evidence of future earnings or future economic damages; the motion is **DENIED** concerning evidence that KCS did not discipline Plaintiff for violating a work rule as part of the incident; the motion is **GRANTED** as to evidence of KCS's size, financial condition or ability to pay the verdict, including any reference to the relative wealth of KCS; the motion is **DENIED** as to evidence of safer methods of work, additional equipment or employees available at the workplace at the time of the incident.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of January, 2009.

                                                JAMES T. TRIMBLE, JR.
                                                UNITED STATES DISTRICT JUDGE