U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB - 4 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| AARON R. FINCHER | CIVIL ACTION NO. 04-1259 |
| versus | JUDGE TRIMBLE |
| KANSAS CITY SOUTHERN RAILWAY CO. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

After discussion with the parties during a telephone conference on January 16, 2009, this court issued an order[1] transferring the jury trial of the this case from Lake Charles, Louisiana to Alexandria, Louisiana. No motion for transfer was filed by either party and, thus, the court ordered the intra-district transfer sua sponte.

On January 27, 2009 plaintiff Aaron Fincher ("Fincher") filed an objection to the court's order along with a motion for reconsideration of the same.[2] Plaintiff's motion argues that the transfer was improper because the court ordered the transfer on its own motion without providing the parties a hearing on the issue. Plaintiff cites Williams v. Toyota Motor Corp.[3] as authority that a district court abuses its discretion when it fails to grant an intra-district transfer of venue

---

[1] R. 88.

[2] R. 94.

[3] 2008 WL 5273528 (E. D. Tex. 12/19/08), rev'd sub nom. In re Toyota Motor Corp., No. 08-41323 (5th Cir. 12/19/08).

1

to the division in which the injury occurred. Plaintiff alleges that the injury occurred in the Lake Charles Division of the Western District of Louisiana and, under Williams, our transfer of the case outside of that division is error.

At the court's direction, defendant Kansas City Southern Railway Company ("KCS") filed a response to plaintiff's motion and objections.[4] Additionally, KCS filed its own motion for transfer of venue under § 1404(a).[5]

The court has reviewed the law and argument submitted by the parties and finds that its transfer of venue under 28 U.S.C. 1404(a) was procedurally improper only with respect to its failure to provide the parties with prior notice and opportunity for hearing.[6] Accordingly, plaintiff's motion for rehearing will be granted and the ruling reconsidered herein. As stated above, the parties have already been provided the opportunity to submit briefs on the issue of transfer and we will consider them below.

As noted by the parties, the Fifth Circuit adopted the U.S. Supreme Court's analysis in Gulf Oil Corp. v. Gilbert[7] in Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,[8] making it applicable not only to forum non conveniens cases, but also to venue transfers under § 1404(a). Under the Gilbert analysis, a district court considering an intra-district transfer must balance

---

[4] R. 97.

[5] R. 96.

[6] 15 Charles Allen Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3844 (1976).

[7] 330 U.S. 501 (1947).

[8] 321 F.2d 53 (5th Cir. 1963).

competing public and private interest factors.

The moving party must show "good cause" in support of transfer.[9] The movant satisfies this burden by demonstrating that the proposed transferee venue is "clearly more convenient."[10] If the movant fails to demonstrate that its proposed venue is clearly more convenient, the plaintiff's choice of venue should be respected.[11]

**Private Interest Factors**

Under Gilbert, we must consider the following private interest factors:

> "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."[12]

These factors are not addressed in plaintiff's motion for reconsideration. Defendant, bearing the burden of proof on these factors as the movant, addresses each factor in its motion for transfer.

First, defendant points out that as to all anticipated sources of proof (the parties, the witnesses and the documents), the Alexandria federal courthouse is closer in proximity. Defendant's motion uses www.mapquest.com to calculate the distances between each witness's residence and both the Lake Charles and Alexandria courthouses.[13] With the exception of

---

[9]In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008).

[10]Id.

[11]Id.

[12]Id., citing In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)

[13]R. 97 at p. 6.

3

William Kramberg of Houston, Texas, each witness is more closely located to Alexandria than to Lake Charles. This is also true of the parties, themselves. Defendant also points out that the documentary evidence in this case may just as easily be produced in Alexandria as in Lake Charles. Accordingly, we find that plaintiff has demonstrated that this first factor weighs overwhelmingly in favor of transfer to the Alexandria Division, as access to anticipated sources of proof is clearly more convenient in the proposed transferee venue.

As to the remaining private interest factors, defendant asserts that the witnesses, with the exception of retained experts, live within the Western District of Louisiana and are subject to the subpoena power of this court by operation of Fed. R. Civ. P. 45(b)(2)(A). Defendants point out that, because all witnesses and parties live closer to Alexandria than Lake Charles, the cost for their attendance at trial in Alexandria is less than it would be in Lake Charles. Finally, defendant argues that a jury is called and available in Alexandria and that this is not necessarily true of Lake Charles.

Although it is true that a jury has been called in Alexandria, the court cautions that, were it to find that transfer is improper in this case, the trial of this matter would proceed in Lake Charles as scheduled. As to defendant's other arguments on these remaining factors, we agree. Witness cost would be decreased and the majority of witnesses are subject to the subpoena power of this court. Accordingly, we find that defendant has proven that, as to these three remaining factors, transfer to Alexandria is clearly more convenient.

**Public Interest Factors**

The public interest factors to be considered under Gilbert are:

"(1) the administrative difficulties flowing from court

4

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or the application of foreign law."[14]

Again, defendant bears the burden of proof as to these factors as the movant in favor of transfer. As to the first factor concerning court congestion, defendant again argues that changing the venue in this case back to Lake Charles would result in a necessary continuance of the case. The court, again, disagrees and finds that the case could be tried on the same dates in Lake Charles.

Defendant next argues that since the injury took place in Leesville, Louisiana, Alexandria is a more convenient venue because Leesville is actually closer to Alexandria than it is to Lake Charles. Although Leesville is included in the Lake Charles Division, defendant is correct that it is closer in proximity to Alexandria than to Lake Charles. Accordingly, we find that this factor supports transfer to Alexandria, as the injury is more "local" to that venue than Lake Charles.

Defendant asserts that the third and fourth factors concerning the proposed forum's familiarity with the applicable law and the avoidance of conflicts of law are also neutral because the case would be tried, whether in Lake Charles or Alexandria, by the undersigned. This assertion is correct and we also find these factors neutral under the Gilbert analysis.

Surveying our findings as to both the public and private factors in this case, the court finds that defendant has successfully borne its burden of demonstrating that the Alexandria Division is clearly more convenient than the Lake Charles Division. Thus, although Lake Charles is the plaintiff's choice of venue, it is not determinative in this case.

---

[14] In Re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008).

Plaintiff's objection and motion for reconsideration cites <u>Williams v. Toyota Motor Corp.</u> as authority compelling this court to try this case in Lake Charles simply because the injury occurred in Leesville, which is included in the Lake Charles Division. We reject this argument. In that case, as here, many of the factors considered were deemed neutral by the court and the only factor weighing one way or another was the public factor of having localized interests decided locally. Thus, the Fifth Circuit found that transfer was more appropriate than not. We reach the same result here, having found that defendant has successfully demonstrated that, many factors being neutral, the only factors weighing for or against all weigh in favor of transfer.

Accordingly, it is hereby

**ORDERED** that plaintiff's motion to reconsider is **GRANTED**. After consideration of the law and argument advanced by the parties, the court finds that transfer of this case from the Lake Charles Division to the Alexandria Division for trial purposes only is proper. Accordingly, it is further

**ORDERED** that defendant's motion for transfer of venue pursuant to 28 U.S.C. 1404(a) is **GRANTED** and the case shall be tried before the undersigned on Monday, February 23, 2009 at the United States Federal Courthouse in Alexandria, Louisiana (515 Murray Street), beginning at 9:00 a.m.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 4th day of February, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE